UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARGARET GARDNER, as the natural parent and next friend of D.K., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:09-cv-671-TWP-WGH |
| TRISTAR SPORTING ARMS, LTD., | ) ) | |
| Defendant. | ) ) | |

## ORDER ON DEFENDANT'S MOTION TO PRECLUDE
## THE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD ERNEST

This matter is before the Magistrate Judge on Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest filed May 13, 2010. (Docket Nos. 41, 44). Plaintiff's Memorandum Brief in Opposition to Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest was filed May 28, 2010. (Docket No. 48). A Reply in Further Support of Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest was filed June 4, 2010. (Docket No. 54).

The Magistrate Judge, being duly advised, now finds that Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest should be granted, in part, and denied, in part.

According to plaintiff's version of the facts, on April 29, 2007, D.K., then 14 years of age, was hunting turkeys near his home in Williams, Indiana. On the day in question, he was hunting with a TriStar Gentry double-barreled 12-gauge

shotgun that had been loaned to him by another individual.  As he began to return home, he climbed onto an ATV and laid the shotgun flat across his lap with the barrel pointing to the left.  The safety on the shotgun was in the "ON" position.  As D.K. grasped the handlebars with each hand and the gun was laying across his lap, the shotgun unexpectedly discharged, striking him in the left leg.

Plaintiff alleges that the shotgun was defective and has brought forward the Preliminary Report of an expert, Richard N. Ernest, B.S., who is alleged to be a Forensic Ballistics Consultant.  (Plaintiff's Ex. 6).  In his Preliminary Report, plaintiff's expert renders opinions on three subjects.  Defendant believes that Mr. Ernest is not qualified to render those opinions, did not perform appropriate scientific testing to support his opinions, and that the opinions are not relevant to the case at issue.

The Magistrate Judge concludes that Mr. Ernest is qualified by his experience to testify as to the opinions rendered at page 2 and the first paragraph of page 3 of his Preliminary Report.

The Magistrate Judge concludes that Mr. Ernest is not sufficiently qualified as a human factors expert or as an accident reconstruction expert to render the opinions that are in the second and third paragraphs of page 3 of his Preliminary Report.

The Magistrate Judge concludes that Mr. Ernest participated in a reasonably scientific examination of the firearm in question, made sufficient measurements, and took sufficient photographs to support the conclusions he

has reached on page 2 and the first paragraph of page 3 of his Preliminary Report.

The Magistrate Judge concludes that the opinions reached at page 2 and the beginning of page 3 are relevant to this case because there is a disputed issue of fact about whether a single trigger pull can cause the firearm to fire from both the left and right barrels.[1]

With respect to the issue of whether there was sufficient presence of debris in this case, Mr. Ernest photographed the debris he found on the sear surfaces of the shotgun. His opinion may ultimately be rejected by the jury. However, there is sufficient examination of the firearm in question for him to render an opinion concerning the effect such debris might have on the hammer/trigger sear surfaces.

In this case, plaintiff contends that this firearm discharged while the safety was in the "ON" position, or at least while giving the impression the safety was "ON" when it was not. Measurements made by Mr. Ernest indicate "trigger pull forces" were less than those allowed in the manufacture of most American-made shotguns. Whether the combination of light trigger force and a possibly misleading safety position switch render the weapon unreasonably dangerous is for a jury to determine. Because these issues are involved in this case, the Magistrate Judge believes that the jury would benefit from opinions resulting

---

[1] The Affidavit of Richard Ernest (Plaintiff's Ex. 7) is made based on personal observation and creates a genuine issue of fact in that regard.

from Mr. Ernest's firearm examination and his expertise in conducting such examinations.

Mr. Ernest, however, has not been sufficiently qualified to reconstruct accidents, and his opinions to that extent are not sufficiently reliable for the jury to consider. Those opinions may not be rendered, and that evidence is **STRICKEN.**

Therefore, the Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest is **GRANTED, in part,** and **DENIED, in part,** as specified above.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law. Any motion to reconsider shall be filed within ten (10) days of the date of this order.

**SO ORDERED.**

**Dated:** August 12, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

William Frederick Conour
CONOUR LAW FIRM LLC
wfc@tortsurfer.com

Timothy Francis Devereux
Conour Law Firm, LLC
tfd@tortsurfer.com

Jeffrey Allen Hammond
CONOUR LAW FIRM, LLC
jah@tortsurfer.com

Thomas J. Jarzyniecki Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com

Jeffrey Martin Malsch
PISCIOTTI MALSCH & BUCKLEY PC
jmalsch@pmblegalfirm.com

Anthony M. Pisciotti
PISCIOTTI MALSCH & BUCKLEY PC
apisciotti@pmblegalfirm.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com