UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARGARET GARDNER, as the natural )
parent and next friend of D.K., a minor, )
                                         Plaintiff, )
                                            v. )        1:09-cv-671-TWP-WGH
TRISTAR SPORTING ARMS, LTD., )
                                         Defendant. )

**ORDER ON MOTION TO PRECLUDE THE TESTIMONY
OF DEFENDANT'S EXPERT EMANUAL KAPELSOHN**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion to Preclude the Testimony of Defendant's Expert Emanual Kapelsohn filed August 2, 2010. (Docket Nos. 70-71.) Defendant filed its brief in opposition to the motion on August 16, 2010. (Docket No. 79). No reply brief has been filed.

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the motion to preclude the expert testimony of Emanual Kapelsohn.

The facts surrounding this case have been specifically described by this court in a prior Order on Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Richard Ernest entered August 12, 2010 (Docket No. 77), and in the Entry and Order on the Motion to Summary Judgment entered September 1, 2010 (Docket No. 81). Those facts will not be reiterated at this time.

The Magistrate Judge has reviewed the Report and Affidavit of Mr. Kapelsohn. (Defendant's Opposition at Exhibits H, I). The Magistrate Judge has also reviewed the Curriculum Vitae of Mr. Kapelsohn. (*Id.* at Exhibit G). The Magistrate Judge concludes that Mr. Kapelsohn has sufficient experience and training to testify as to certain aspects of his Report. However, many or most of Mr. Kapelsohn's opinions do not lend themselves to verification by scientific method or testing; they have not and cannot be subjected to peer review; and they cannot be evaluated, nor are they consistent with generally accepted methods for gathering relevant evidence. Mr. Kapelsohn did conduct an inspection of the firearm, and certain of his observations and opinions arising out of that inspection are admissible and should be helpful to the jury in this case. However, his opinions concerning how the accident occurred and his opinions with respect to the credibility of other witnesses are not proper areas for opinions and must be prohibited.

The Magistrate Judge finds that the following portions of Mr. Kapelsohn's Report arise out of his inspection and are properly admissible:

(a) The last paragraph of page three that begins with "<u>The Shortgun</u>." and through the fourth full paragraph of page four ending with the words ". . . 'fire' the shotgun by contact of my finger or thumb against the trigger."

(b) The last paragraph on page six that begins with "In order to determine what degree of resistence . . ." and ending within that same paragraph with the words ". . . if there was one, would have had to be fired."

(c) The second full paragraph of page seven that begins with "One of the basic rules of firearms safety . . ." and ends with the words ". . . while simultaneously trying to operate the ATV throttle."

(d) The third full paragraph of page 8 that begins with "I also note the widely taught firearms safety rule . . ." and ends with "(Indiana Hunter Education Manual, p. 10.)"

(e) The first paragraph of page 9 that begins with "The TriStar owner's manual, in its 'Gun Safety Rules,' . . ." and through the commencement of the next paragraph, ending with the sentence which reads: "Thus, the shotgun pellets that hit D.K.'s leg came from a shotgun whose muzzle was pointed at his leg before the trigger was engaged, whether inadvertently or not."

The balance of Mr. Kapelsohn's Report is not the proper subject for expert testimony.

The opinions expressed in the Affidavit of Emanual Kapelsohn (Defendant's Opposition at Exhibit I) are not admissible.

Therefore, Plaintiff's Motion to Preclude the Testimony of Defendant's Expert Emanual Kapelsohn is **GRANTED, in part,** and **DENIED, in part,** as specified above.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law. Any motion to reconsider shall be filed within ten (10) days of the date of this order.

**SO ORDERED.**

**Dated:** September 27, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

William Frederick Conour
CONOUR LAW FIRM LLC
wfc@tortsurfer.com

Timothy Francis Devereux
Conour Law Firm, LLC
tfd@tortsurfer.com

Jeffrey Allen Hammond
CONOUR LAW FIRM, LLC
jah@tortsurfer.com

Thomas J. Jarzyniecki Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com

Jeffrey Martin Malsch
PISCIOTTI MALSCH & BUCKLEY PC
jmalsch@pmblegalfirm.com

Anthony M. Pisciotti
PISCIOTTI MALSCH & BUCKLEY PC
apisciotti@pmblegalfirm.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com